# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANNON LESNIEWSKI,

    Plaintiff,

-vs-                          Case No. 13-C-1169

CAROLYN COLVIN, Acting Commissioner
of Social Security,

    Defendant.

## DECISION AND ORDER

Shannon Lesniewski appeals the partial denial of her application for social security disability benefits. The Administrative Law Judge found that Lesniewski suffered from multiple sclerosis and cognitive and anxiety disorders beginning on May 14, 2008. However, the ALJ held that Lesniewski did not become disabled for benefit purposes until March 3, 2012, prior to which Lesniewski had the residual functional capacity to perform sedentary work with certain limitations.

To uphold the denial of benefits, the ALJ's decision must be supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). To determine whether substantial evidence exists, the Court reviews the record as a

whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses. *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014).

Lesniewski suffers from relapsing-remitting MS, which means that she has regular exacerbations of symptoms ("flares") followed by periods of remission in which there is partial or complete recovery. Lesniewski's MS worsened and became disabling after a motor vehicle accident in May, 2008. After the accident, Lesniewski attempted to return to work as a nurse's assistant, but this was deemed an "unsuccessful work attempt" by the district office. R. 197.

In finding that Lesniewski was disabled beginning in March, 2012, the ALJ relied on a report by Dr. Stanya Smith, whose examination "established deteriorating cognition, fatigue, and pain with a growing inability to perform basic activities of daily living. [Lesniewski] was … exhibiting hyperactive reflexes and deteriorating neurological functioning. She was using a cane but Dr. Smith advised her that she should be using a walker." R. 27. Confusingly, the ALJ ignored the fact that these same symptoms were present as of the alleged disability onset date. *See* Lesniewski's Brief at 7-11 (outlining treatment notes). Moreover,

Lesniewski testified that her symptoms were just as severe immediately following her accident in May, 2008.

The ALJ found that the "most telling factor is that repeated neurological and physical evaluations which were performed almost monthly show continued good function with relatively little abnormality until early 2012." R. 25. This is incorrect for the reasons already stated. Therefore, the ALJ's denial of benefits was not supported by substantial evidence in the record. The Court will enter judgment directing the Commissioner to award benefits because the record "overwhelmingly supports a finding of disability." *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 800 (E.D. Wis. 2004).

The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** with instructions to award benefits for the closed period from May 14, 2008 to March 3, 2012.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2015.

**SO ORDERED:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**